UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AVNET, INC. d/b/a AVNET TECHNOLOGY SOLUTIONS, ACCESS DIVISION, <br>     Plaintiff, | : <br> : <br> : <br> : <br> : | |
| v. | : | 3:09-cv-619 (WWE) |
| MTM TECHNOLOGIES, LLC d/b/a NEXL, INC. and AXCENT SOLUTIONS, <br>     Defendant. | : <br> : <br> : <br> : | |

### RULING ON DEFENDANT'S MOTION TO DISMISS

This action arises from a credit account agreement between plaintiff Avnet, Inc., d/b/a Avnet Technology Solutions, Access Division, and defendant MTM Technologies, LLC, d/b/a NEXL, Inc. and Axcent Solutions. Defendant has filed a motion to dismiss (Doc. #25) under Federal Rule of Civil Procedure 12(b)(1) asserting that the Court lacks jurisdiction over plaintiff's claims because there is not complete diversity between the parties. For the following reasons, the Court will grant defendant's motion.

In its complaint, plaintiff asserts jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### BACKGROUND

For purposes of ruling on the motion to dismiss, the Court accepts all allegations of the complaint as true.

Plaintiff is a global distributor and provider of computer equipment, services and related technology. On January 11, 2006, defendant MTM entered into a credit account agreement with MRA Systems, Inc., d/b/a Access Distribution or GE Access Distribution, pursuant to which MRA Systems agreed to provide an active credit account

1

for defendant to purchase computer equipment, services and related technology.

On December 31, 2006, plaintiff entered into a purchase agreement with MRA Systems by which Avnet would provide an active credit account for defendant. Defendant began purchasing computer equipment and services from Avnet in 2007. Defendant purchased approximately $449,684.89 worth of computer equipment and services from Avnet between January 2007 and January 2009 for which it never paid. After plaintiff's counsel made unsuccessful written demands for payment, plaintiff commenced this action.

The complaint contains claims for breach of contract, unjust enrichment and "goods sold and services rendered."

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it."  2A James W. Moore, Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994).  "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).  Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction.  Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-

pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading), rev'd on other grounds sub nom., Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

      Defendant argues that the Court lacks subject matter jurisdiction over this matter because both parties, for diversity purposes, are citizens of New York.  In the complaint, plaintiff states that it is a New York corporation with "its corporate headquarters" in Phoenix, Arizona, while defendant is a "Delaware corporation" with a principal place of business in Connecticut.  Defendant contends that it is a Delaware limited liability company whose sole member is MTM Technologies, Inc., a New York corporation.  In support of this contention, defendant has filed a copy of the Limited Liability Company Agreement of MTM Technologies (Massachusetts), LLC,[1] which states that MTM Technologies, Inc. is its sole member.  Defendant also included as an exhibit MTM Technologies, Inc.'s Entity Information Sheet from the New York State Department of State, Division of Corporations, which shows that MTM Technologies, Inc. is, in fact, a New York corporation.

---

[1]    Defendant states in its motion that "MTM Technologies (Massachusetts), LLC" is its true and correct name.  Plaintiff does not dispute this assertion.

In its response to defendant's motion, plaintiff argues that MTM Technologies, LLC is a Delaware entity with a principal place of business in Connecticut.  Further, it argues that neither the agreement between MRA Systems and defendant nor the purchase agreement between MRA Systems and plaintiff involves MTM Technologies, Inc. or any other New York entity.

Plaintiff also alludes to the fact that defendant did not file its motion to dismiss within the time period required.  This argument is, however, a non-starter.  A defendant may challenge the court's subject matter jurisdiction at any time during the proceedings and failure to do so immediately is not a waiver of such challenge.  See Moodie v. Federal Reserve Bank, 58 F.3d 879, 882 (2d Cir. 1995).

In a motion to dismiss based on a lack of subject matter jurisdiction, the court may examine affidavits and exhibits to the motion papers.  See Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 n.6 (2d Cir. 2001).  "The burden of proving jurisdiction is on the party asserting it."  Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).  "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

A limited liability company, for purposes of establishing diversity jurisdiction, is a citizen of the states in which its members are citizens.  See Handelsman v. Bedford Village Assocs. Ltd. P'ship., 213 F.3d 48, 51-52 (2d Cir. 2000); Exeter Energy L.P. v. Meridian Operations, LLC, 2009 U.S. Dist. LEXIS 60209 (D. Conn. July 9, 2009); see also Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (stating that, for purposes

of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners). The company's actual place of business and state of organization do not affect this conclusion, nor do plaintiff's expectations of defendant's citizenship.

The unchallenged evidence before the Court shows that defendant is a limited liability company organized in Delaware with one member. That member is a New York corporation. Therefore, defendant is a citizen of New York for diversity purposes. Plaintiff is also a citizen of New York. Thus, diversity is lacking before this Court under section 1332, and this case must be dismissed. Plaintiff has failed to demonstrate otherwise.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Doc. #25) is GRANTED. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 25th day of September, 2009.

                                              /s/
                                      Warren W. Eginton
                                      Senior United States District Judge